# IN THE UNITED STATES DISTRICT COURT OF THE
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CENTERPOINT ENERGY RESOURCES CORP.**
**D/B/A CENTERPOINT ENERGY MISSISSIPPI GAS**                  **PLAINTIFFS**

**VS.**                                                                                    **CIVIL ACTION NO.: 4:11cv109-M-S**

**MISSISSIPPI RICE AND GRAIN II, LLC**                                    **DEFENDANT**

## ORDER

This matter came before the court on the motion of Defendants to strike plaintiffs' designation of experts (#32). After considering the motion and record in this case, the court finds it to be well-taken.

On March 14, 2012, this court entered an agreed order extending the case management order deadlines in this case setting April 13, 2012, as the deadline for the plaintiffs to designate experts. On April 16, 2012, the plaintiff served its designation of experts. On April 17, 2012, the defendant, by and through counsel, emailed an objection to plaintiff's counsel regarding this designation of experts. Specifically, defense counsel addressed the designation's failure to give a summary facts and opinions on which the experts relied or any expert report as required by the rules. The plaintiff did not respond to the current motion, and the time for doing so has now expired.

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written

1

report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain the information outlined in the rule, including, but not limited to, a complete statement of all opinions and the basis for those opinions signed by the witness.

Additionally, the Fifth Circuit has enumerated factors to be considered when reviewing a motion to strike an expert designation. Those factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

There has been no explanation for the failure to provide an adequate expert disclosure and report as required by the rules, nor has there been any defense of the importance of the expert testimony, and no continuance has been sought. Given that there has been no response to the current motion at all, the court relies on the defendant's position that to allow this deficient designation will likely result in prejudice to the defendants.

IT IS, THEREFORE, ORDERED that the defendant's motion to strike is hereby GRANTED.

SO ORDERED, this the 18th day of June 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE